**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROCKY BRANCH MARINA, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE NORTHERN ASSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendant. ) | Case No. 09-CV-15-GKF-TLW |

## OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand [Docket No. 16]. Plaintiff contends defendant did not remove the action to federal court within the time required by law.

Title 28 U.S.C. § 1446(b) provides that removal of a proceeding shall occur "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Defendant removed the case to this court on January 13, 2009.

A copy of the docket sheet from the District Court of Delaware County, Oklahoma, reflects the filing on November 5, 2008, of a "RETURN/AFFIDAVIT OF SERVICE BY MAIL TO KIM HOLLAND STATE INSURANCE DEPARTMENT SIGNED . . . 11/03/08". [Docket No. 2-2, p.1]

By sworn affidavit, defendant states it did not receive a copy of the Summons and Complaint until December 31, 2008, after plaintiff's counsel contacted a senior claims manager for an affiliated company in St. Louis, Missouri. Counsel told the claims manager he had filed suit against the defendant in September, 2008, and had served the defendant by sending a copy of the Summons and Petition to Oklahoma's Insurance Commissioner. The claims manager immediately contacted the Oklahoma Insurance Department, learned that two envelopes sent to the defendant had been returned

unopened, and requested the Insurance Department send a copy of the Summons and Petition to him that day.

The general rule is that the thirty day clock for seeking removal does not begin to run when a statutory agent such as a Secretary of State is served. *Hibernia Cmty. Dev't Corp. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D. La. 2001) (30-day removal period begins to run on receipt of initial pleading from Secretary of State, not on receipt by statutory agent); *Cox v. Sprung's Transp. & Movers, Ltd.*, 407 F.Supp. 2d 754, 756 (D.S.C. 2006) (service on statutory service agent did not commence 30-day removal period); 16 MOORE'S FEDERAL PRACTICE, § 107.30[3][c] (3d ed. 2008).

> Realistically speaking, of course, these kinds of statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process.

14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3732 (3d ed. 1998). *See also, Sands Point Ocean Beach Resort and Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 1805795 (S.D. Fla. 2007); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F.Supp.2d 621, 624 (S.D.N.Y. 2004); *Lilly v. CSX Transp., Inc.*, 186 F.Supp.2d 672, 673-74 (S.D.W.Va. 2002).

Plaintiff argues that the Oklahoma Insurance Commissioner is defendant's appointed agent rather than a statutory agent. A review of the applicable statute and relevant caselaw proves otherwise. Okla. Stat. tit. 36, § 621 states, in pertinent part:

> A. Each authorized foreign or alien insurer shall appoint the Insurance Commissioner as its agent to receive service of legal process, other than a subpoena, issued against it in this state upon any

> cause of action arising from its transaction of business in this state. The appointment shall be irrevocable, shall bind any successor and shall remain in effect as long as there is in force in this state any contract made by the insurer or obligations arising therefrom.
>
> B. Service of such process against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner.

The statute thus directs that a foreign insurer[1] "shall appoint" the Insurance Commissioner as its only service agent in Oklahoma. In 1988, defendant The Northern Assurance Company, "desiring to transact business in the State of Oklahoma in conformity with the laws thereof," did in fact appoint the Insurance Commissioner as its service agent.

In *Wilbert v. UNUM Life Insurance Company*, 981 F.Supp. 61 (D.R.I. 1997), the United States District Court for the District of Rhode Island concluded that Rhode Island's Insurance Commissioner, designated as an out-of-state insurance company's agent for service of process, was properly considered a *statutory* agent. The General Laws of Rhode Island require an out-of-state insurance company doing business in Rhode Island to designate the State Insurance Commissioner as its agent for service of process:

> No insurance company not incorporated under the authority of this state shall directly or indirectly issue policies, take risks, or transact business in this state until it has first appointed, in writing, the insurance commissioner of this state to be the true and lawful attorney of the company in and for this state, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this state.... The written power of attorney shall stipulate and agree on the part of the company that any lawful process against the company which is served on the attorney shall be of the same legal force and validity as

---

[1] Okla. Stat. tit. 36, § 602 defines a "foreign" insurer as one formed under the laws of another state or government of the United States.

> if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this state.

R.I. Gen. Laws § 27-2-13. Interestingly, the form used to appoint Oklahoma's Insurance Commissioner as defendant's service agent tracks Rhode Island's statutory language closely. Insofar as Oklahoma statutory law requires foreign insurance companies to appoint Oklahoma's Insurance Commissioner as their agent for service of process, the Commissioner is properly considered a statutory agent.

Because plaintiff served defendant's statutory agent, the clock for removal did not begin ticking until defendant received a copy of the state court petition from the agent. Plaintiff offers nothing to contest that defendant first received notice of the action and a copy of the petition on December 31, 2008. Defendant's removal on January 13, 2009, was therefore timely under 28 U.S.C. § 1446(b).

The parties shall file a Joint Status Report on or before April 29, 2009.

WHEREFORE, Plaintiffs' Motion to Remand [Docket No. 14] is denied.

IT IS SO ORDERED this 14th day of April 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma